IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENNETH SHAUN TRAYWICK,      )
 #177 252,                   )
                             )
    Plaintiff,               )
                             )
    v.                       ) CIVIL ACTION NO.:  2:15-CV-372-MHT
                             )              [WO]
KIM THOMAS, *et al.*,        )
                             )
    Defendants.              )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Pending before the court is Plaintiff's request for a preliminary injunction. *Doc. No. 55*. Plaintiff complains about matters which occurred on September 15 & 16, 2015, which he maintains constitute harassment regarding the instant lawsuit. He seeks to enjoin Defendant from engaging in retaliatory acts against him regarding his legal activities. Upon review, the court concludes that the motion for preliminary injunction is due to be denied.

**II.  STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998);

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983).   "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"'" as to the four requisites."   *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain  Int'l, S.A*., 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).   The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").   " 'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' "   *Suntrust Bank v. Houghton Mifflin Co*., 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern  Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th  Cir. 1990).

The court has carefully reviewed Plaintiff's request for a preliminary injunction and finds the motion for injunctive relief is inappropriate since the injunction he seeks is not requested or related to the claim in this case and appears to have arisen during the pendency of this action. *See Kaimowitz v. Orlando, Fla.,* 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Westbank Yellow Pages v. BRI, Inc.*, 1996

WL 255912, *1, (E.D.La. May 13, 1996) ("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action."). The requested injunctive relief concerns a matter outside the issues in the complaint.

Even if Plaintiff could establish the propriety of his request for preliminary injunctive relief, his request is devoid of any allegation he will suffer specific and irreparable harm if an injunction is not issued. To establish irreparable injury Plaintiff must show that he will suffer harm that "cannot be redressed by a legal or an equitable remedy" through the ordinary course of litigation.[1] *See Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3rd Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Finally, it is impossible to determine what Plaintiff's requested relief would entail exactly preventing the court from determining what burden an injunction would have on the Alabama Department of Corrections and whether issuing one would harm the public interest. Issuing a preliminary injunction is not warranted.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction (*Doc. No. 55*) be DENIED; and

2. This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that **on or before November 2 , 2015**, the parties shall file any objections to this Recommendation.   A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made;  frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate

---

[1] If Plaintiff seeks to challenge the conduct and/or actions regarding the allegations made in his request for a preliminary injunction, he is free to file a new civil action.

Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this the19th day of October, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE